UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                                                           :
MARTHA POLINSKY, *et al.*,               :
                                                                                          :    CASE NO. 1:10-CV-02544
                Plaintiffs,                       :
                                                                                          :
vs.                                                                                      :    OPINION & ORDER
                                                                                           :    [Resolving Doc. No. 13]
COMMUNITY HEALTH PARTNERS   :
REGIONAL HEALTH SYSTEMS, *et al.*,  :
                                                                                          :
                Defendants.                :
                                                                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In this putative class action alleging breach of contract, breach of fiduciary duty, violations of the Fair Debt Collections Practice Act (15 U.S.C. § 1692), Ohio Revised Code § 1345.01, and Ohio Revised Code § 1751.60(A), Defendant Community Health Partners Regional Health System moves the Court to stay this action pending resolution of *King v. ProMedica Health System, Inc.*, which is currently on appeal before the Supreme Court of Ohio. [Doc. 1; Doc. 13.] Plaintiffs Robert and Martha Polinsky oppose the motion. [Doc. 18.]

       In this action, the Plaintiffs challenge an alleged billing practice of the Defendants, in which health care providers purportedly target patients who possess personal injury claims by refusing to submit their medical bills to health insurance providers and instead attempt to pursue compensation for the full value of the medical treatment from other sources, including the patient. [Doc. 1 at ¶¶ 9-29.] Plaintiffs say that these practices are actionable under a number of theories, including O.R.C.

Case No. 1:10-CV-02544
Gwin, J.

§ 1751.60(A). [*Id.*] Currently before the Supreme Court of Ohio is an action that will likely shed light on when a health provider is permitted to directly bill a third party for medical expenses under O.R.C. § 1751.60(A), rather than seeking payment from a health insurance provider. The Supreme Court of Ohio has accepted jurisdiction over *King v. ProMedica Health System, Inc.*, 6th Dist. No. L-09-1282, Ohio S.Ct. Case No. 2010-1236, on the issue of whether O.R.C. § 1751.60(A) supersedes Ohio law on the coordination of insurance benefits from various sources.

It is well established that it is within the discretion of a federal court to stay an action to give a state court an opportunity to construe its own statute or regulations. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 732 (1996) (stating that a federal court may stay an action in damages pending resolution by a state court of an unresolved issue of state law); *Manley v. Keystone Food Products, Inc.*, 859 F.2d 80 (8th Cir.1988); *N.J.-Phil. Presbytery of the Bible Presbyterian Church v. N. J. State Board of Higher Educ.*, 654 F.2d 868, 888 (3d Cir. 1981) ("The decision to stay the federal court action while a New Jersey state court was given the opportunity to construe that state's statute and regulations was within the permissible range of district court discretion."). Here, though, the Court does not find that a stay is appropriate. There are multiple causes of action asserted in this case that are not at all related to the action currently pending before the Supreme Court of Ohio. It is possible that the appeal in *King* will elaborate on or change the law related to O.R.C. § 1751.60(A) in a manner that affects this litigation. However, the Court is hesitant to grant a stay on mere possibility alone, especially considering the early stage of this case and the long delay that such a stay would entail. This is particularly true, when, as here, it is not even clear that the *King* action will be directly relevant on the issues now before this Court. Thus, the Court **DENIES** the Defendants' motion requesting a stay.

-3-

Case No. 1:10-CV-02544
Gwin, J.

    IT IS SO ORDERED.


Dated: December 27, 2010            s/      *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE