IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| Martha Polinsky, et al., | ) | Case No. 1:10-CV-02544 |
| Plaintiffs, | ) | Judge James S. Gwin |
| v. | ) | **ANSWER ON BEHALF OF DEFENDANT COMMUNITY HEALTH PARTNERS REGIONAL HEALTH SYSTEM TO PLAINTIFFS' COMPLAINT WITH CLASS ACTION ALLEGATIONS** |
| Community Health Partners Regional Health System, et al., | ) | |
| Defendants. | ) | |
| | ) | |

\* \* \*

Now comes defendant Community Health Partners Regional Health System, now known as Mercy Regional Medical Center, by and through its counsel of record, Anspach Meeks Ellenberger LLP, and Mannion & Gray Co., L.P.A., and for its Answer to plaintiffs' Complaint with Class Action Allegations, states as follows:

**I.     INTRODUCTION**

1.     Denies the allegations and averments contained in Paragraph 1 of plaintiffs' Complaint and specifically denies the existence of any "scheme" to collect inflated amounts from patients.

**II.** **PARTIES**

2. Denies for want of sufficient knowledge the allegations and averments contained in paragraph 2 of plaintiffs' Complaint.

3. Admits the allegations and averments contained in paragraph 3 of plaintiffs' Complaint.

4. Paragraph 4 of plaintiffs' Complaint does not contain any allegations or averments from which a response is necessary from this answering defendant. To the extent that any allegation or averment requiring a response from this answering defendant is intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 4 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

5. Paragraph 5 of plaintiffs' Complaint does not contain any allegations or averments from which a response is necessary from this answering defendant. To the extent that any allegation or averment requiring a response from this answering defendant is intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 5 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

**III.** **JURISDICTION**

6. Admits in connection with the allegations and averments contained in paragraph 6 of plaintiffs' Complaint only that this answering defendant maintains its principal place of business within the State of Ohio and further answering denies for want of sufficient knowledge the remaining allegations and averments contained in said paragraph 6 of plaintiffs' Complaint.

7. Admits the allegations and averments contained in paragraph 7 of plaintiffs' Complaint.

8. Paragraph 8 of plaintiffs' Complaint does not contain any allegations or averments from which a response is necessary from this answering defendant. To the extent that any allegation or averment requiring a response from this answering defendant is intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 8 of plaintiffs' Complaint.

**IV.  COMMON FACTUAL ALLEGATIONS**

9. Defendant Community Health Partners Regional Health System reincorporates its admissions and denials contained in paragraphs 1 through 8 above, as if fully rewritten herein.

10. Denies for want of sufficient knowledge the allegations and averments contained in paragraph 10 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, and further answering leaves plaintiffs to their proofs.

11. Admits in connection with the allegations and averments contained in paragraph 11 of plaintiffs' Complaint only that plaintiff Martha Polinsky presented to Community Health Partners Regional Health System on February 12, 2007 for medical treatment for injuries that she claimed resulted from an automobile accident, and had further medical treatment including an MRI scan in December of 2007 and an MRI scan in April of 2008, and further answering denies the remaining allegations and averments contained in paragraph 11 of plaintiffs' Complaint.

12. Denies for want of sufficient knowledge the allegations and averments contained in paragraph 12 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, and further answering leaves plaintiffs to their proofs.

13. Denies for want of sufficient knowledge the allegations and averments contained in paragraph 13 of plaintiffs' Complaint.

14. Denies for want of sufficient knowledge the allegations and averments contained in paragraph 14 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, and further answering leaves plaintiffs to their proofs.

15. Admits in connection with the allegations and averments contained in paragraph 15 of plaintiffs' Complaint only that this answering defendant does enter into contracts with various health insurers, and further answering denies the remaining allegations and averments contained in said paragraph 15 of plaintiffs' Complaint.

16. Denies the allegations and averments contained in paragraph 16 of plaintiffs' Complaint.

17. Denies for want of sufficient knowledge the allegations and averments contained in paragraph 17 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, and further answering leaves plaintiffs to their proofs.

18. Denies for want of sufficient knowledge the allegations and averments contained in paragraph 18 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, and further answering leaves plaintiffs to their proofs.

19. Denies the allegations and averments contained in paragraph 19 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

20. Denies the allegations and averments contained in paragraph 20 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

21. Denies the allegations and averments contained in paragraph 21 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

22. Denies the allegations and averments contained in paragraph 22 of plaintiffs' Complaint, and specifically denies that this answering defendant ever sought compensation directly from plaintiffs, as alleged in paragraph 22 of plaintiffs' Complaint.

23. Denies the allegations and averments contained in paragraph 23 of plaintiffs' Complaint.

24. Denies the allegations and averments contained in paragraph 24 of plaintiffs' Complaint.

25. Paragraph 25 of plaintiffs' Complaint does not contain any allegations or averments from which a response is necessary from this answering defendant. To the extent that any allegation or averment requiring a response from this answering defendant is intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 25 of plaintiffs' Complaint.

26. Paragraph 26 of plaintiffs' Complaint does not contain any allegations or averments from which a response is necessary from this answering defendant. To the extent that any allegation or averment requiring a response from this answering defendant is intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 26 of plaintiffs' Complaint.

27. Paragraph 27 of plaintiffs' Complaint does not contain any allegations or averments from which a response is necessary from this answering defendant. To the extent that any allegation or averment requiring a response from this answering defendant is intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 27 of plaintiffs' Complaint.

28. Paragraph 28 of plaintiffs' Complaint does not contain any allegations or averments from which a response is necessary from this answering defendant. To the extent that any allegation or averment requiring a response from this answering defendant is intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 28 of plaintiffs' Complaint.

29. Denies in connection with the allegations and averments contained in paragraph 29 of plaintiffs' Complaint any inference and/or allegation or averment that this answering defendant attempted to collect invalid debts from patients, as set forth in paragraph 29 of plaintiffs' Complaint, and further answering denies for want of sufficient knowledge the remaining allegations and averments contained in said paragraph 29 of plaintiffs' Complaint.

V.  CLASS ACTION ALLEGATIONS

30. Defendant Community Health Partners Regional Health System reincorporates its admissions and denials contained in paragraphs 1 through 29 above, as if fully rewritten herein.

31. Specifically denies that the description of the potential class members contained in paragraph 31 of plaintiffs' Complaint is correct, proper and/or sufficient to maintain a class action under Federal Civil Rule 23, and further answering denies the remaining allegations and averments contained in said paragraph 31 of plaintiffs' Complaint.

32. Denies the allegations and averments contained in paragraph 32 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

33. Denies the allegations and averments contained in paragraph 33 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, and further answering specifically denies that such information is readily assessable and/or available. This answering defendant further specifically denies that the description of the potential class members contained

6

indiscreetly within said paragraph 33 of plaintiffs' Complaint is correct, proper and/or sufficient to maintain a class action under Federal Civil Rule 23.

34. Denies the allegations and averments contained in paragraph 34 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

35. Denies the allegations and averments contained in paragraph 35 of plaintiffs' Complaint.

36. Denies the allegations and averments contained in paragraph 36 of plaintiffs' Complaint.

37. Denies the allegations and averments contained in paragraph 37 of plaintiffs' Complaint.

38. Denies the allegations and averments contained in paragraph 38 of plaintiffs' Complaint.

39. Denies the allegations and averments contained in paragraph 39 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

40. Denies the allegations and averments contained in paragraph 40 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

41. Denies the allegations and averments contained in paragraph 41 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

42. Denies the allegations and averments contained in paragraph 42 of plaintiffs' Complaint.

43. Denies the allegations and averments contained in paragraph 43 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

44. Denies the allegations and averments contained in paragraph 44 of plaintiffs' Complaint.

45. Denies the allegations and averments contained in paragraph 45 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

46. Denies the allegations and averments contained in paragraph 46 of plaintiffs' Complaint.

47. Denies the allegations and averments contained in paragraph 47 of plaintiffs' Complaint.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

48. Defendant Community Health Partners Regional Health System reincorporates its admissions and denials contained in paragraphs 1 through 47 above, as if fully rewritten herein.

49. Admits in connection with the allegations and averments contained in paragraph 49 of plaintiffs' Complaint only that plaintiffs entered into a contract with this answering defendant for the provision of medical services and further answering denies the remaining allegations and averments contained in said paragraph 49 of plaintiffs' Complaint.

50. Admits in connection with the allegations and averments contained in paragraph 50 of plaintiffs' Complaint only that plaintiffs entered into a contract with this answering defendant for the provision of medical services and further answering denies the remaining allegations and averments contained in said paragraph 50 of plaintiffs' Complaint.

51. Denies the allegations and averments contained in paragraph 51 of plaintiffs' Complaint.

52. Denies the allegations and averments contained in paragraph 52 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

53. Denies the allegations and averments contained in paragraph 53 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

**SECOND CAUSE OF ACTION:**
**BREACH OF CONTRACT – THIRD PARTY BENEFICIARY**

54. Defendant Community Health Partners Regional Health System reincorporates its admissions and denials contained in paragraphs 1 through 53 above, as if fully rewritten herein.

55. Denies the allegations and averments contained in paragraph 55 of plaintiffs' Complaint, and further answering leaves plaintiffs to their proofs.

56. Denies in connection with the allegations and averments contained in paragraph 56 of plaintiffs' Complaint that this answering defendant holds itself out as "accepting" Anthem insurance plans, as alleged, and further answering denies for want of sufficient knowledge the remaining allegations and averments contained in said paragraph 56 of plaintiffs' Complaint.

57. Denies for want of sufficient knowledge the allegations and averments contained in paragraph 57 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, and further answering leaves plaintiffs to their proofs.

58. Denies the allegations and averments contained in paragraph 58 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

59. Denies the allegations and averments contained in paragraph 59 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

60. Denies the allegations and averments contained in paragraph 60 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

## THIRD CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY

61. Defendant Community Health Partners Regional Health System reincorporates its admissions and denials contained in paragraphs 1 through 60 above, as if fully rewritten herein.

62. Denies the allegations and averments contained in Paragraph 62 of plaintiffs' Complaint.

63. Paragraph 63 of plaintiffs' Complaint does not contain any allegations or averments from which a response is necessary from this answering defendant. To the extent that any allegation or averment requiring a response from this answering defendant is intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 63 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

64. Denies for want of sufficient knowledge the allegations and averments contained in paragraph 64 of plaintiffs' Complaint.

65. Denies the allegations and averments contained in paragraph 65 of plaintiff's Complaint and further answering specifically denies that any fiduciary duty arises and/or was breached by Community Health Partners Regional Health System in this matter, as set forth under paragraph 65 of plaintiffs' Complaint.

66. Denies the allegations and averments contained in paragraph 66 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

67. Denies the allegations and averments contained in paragraph 67 of plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION:
## VIOLATION OF OHIO PUBLIC POLICY

68. Defendant Community Health Partners Regional Health System reincorporates its admissions and denials contained in paragraphs 1 through 67 above, as if fully rewritten herein.

69. Admits in connection with the allegations and averments contained in paragraph 49 of plaintiffs' Complaint only that defendant has an obligation to comply with Revised Code §1751.60 and further answering denies the remaining allegations and averments contained in paragraph 69 of plaintiffs' Complaint.

70. Denies the allegations and averments contained in paragraph 70 of plaintiffs' Complaint.

## FIFTH CAUSE OF ACTION:
## VIOLATION OF OHIO'S CONSUMER SALES PRACTICES ACT

71. Defendant Community Health Partners Regional Health System reincorporates its admissions and denials contained in paragraphs 1 through 70 above, as if fully rewritten herein.

72. Paragraph 72 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, merely contains a recitation of various case law in Ohio regarding Revised Code §1345.01 *et seq.*, and does not contain any allegations and/or averments from which a response is necessary from this answering defendant. To the extent that any allegations and/or averments requiring a response are intended therein, this answering defendant denies such allegations and averments contained in said paragraph 72 of plaintiffs' Complaint.

73. Denies the allegations and averments contained in paragraph 73 of plaintiffs' Complaint.

74. Denies the allegations and averments contained in paragraph 74 of plaintiff's Complaint, including all discrete subparts and sentences contained therein.

## SIXTH CAUSE OF ACTION:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

75. Defendant Community Health Partners Regional Health System reincorporates its admissions and denials contained in paragraphs 1 through 75 above, as if fully rewritten herein.

76. Paragraph 76 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, is not directed at this answering defendant and, therefore, no response to same is necessary from this answering defendant. To the extent that any allegations and/or averments requiring a response are intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 76 of plaintiff's Complaint.

77. Paragraph 77 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, is not directed at this answering defendant and, therefore, no response to same is necessary from this answering defendant. To the extent that any allegations and/or averments requiring a response are intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 77 of plaintiff's Complaint.

78. Paragraph 78 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, is not directed at this answering defendant and, therefore, no response to same is necessary from this answering defendant. To the extent that any allegations and/or averments requiring a response are intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 78 of plaintiff's Complaint.

79. Paragraph 79 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, is not directed at this answering defendant and, therefore, no response to same is necessary from this answering defendant. To the extent that any allegations and/or averments

requiring a response are intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 79 of plaintiff's Complaint.

80. Paragraph 80 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, is not directed at this answering defendant and, therefore, no response to same is necessary from this answering defendant. To the extent that any allegations and/or averments requiring a response are intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 80 of plaintiff's Complaint.

81. Paragraph 81 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, is not directed at this answering defendant and, therefore, no response to same is necessary from this answering defendant. To the extent that any allegations and/or averments requiring a response are intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 81 of plaintiff's Complaint.

**SEVENTH CAUSE OF ACTION:**
**VIOLATION OF OHIO'S CONSUMER SALES PRACTICES ACT**

82. Defendant Community Health Partners Regional Health System reincorporates its admissions and denials contained in paragraphs 1 through 81 above, as if fully rewritten herein.

83. Paragraph 83 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein, is not directed at this answering defendant and, therefore, no response to same is necessary from this answering defendant. To the extent that any allegations and/or averments requiring a response are intended therein, this answering defendant denies for want of sufficient knowledge the allegations and averments contained in said paragraph 83 of plaintiff's Complaint.

84. Denies the allegations and averments contained in Paragraph 84 of plaintiffs' Complaint, including all discrete subparts and sentences contained therein.

13

85. Defendant Community Health Partners Regional Health System herein expressly and specifically denies each and every averment and allegation contained within plaintiffs' Complaint with Class Action Allegations which has not been expressly and specifically admitted to be true herein.

**DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs were negligent prior to and during the time of the events referred to in the Complaint with Class Action Allegations and their negligence caused and/or contributed to cause the injuries and/or damages, if any, of which they now complain were sustained as a result of the events referred to in the Complaint with Class Action Allegations.

3. Plaintiffs have failed to take any and all reasonable steps to minimize and/or mitigate any injuries and/or damages.

4. Plaintiffs have failed to join any and all necessary and indispensible parties to this action.

5. The damages for which plaintiffs seek recovery were directly and/or proximately caused by the primary, substantial, independent, superseding and/or intervening acts or negligence and/or misconduct and/or breach of contract, warranties, and/or duties and/or representations and/or violations of statute, ordinance, code, regulations or other provision of law and/or breach of duty and/or failure of persons or parties other than this answering defendant and for whom this answering defendant is not legally responsible.

6. Plaintiffs' claims are barred by the doctrines of unclean hands, laches, estoppel and/or unjust enrichment.

7. This answering defendant is not liable for the acts or omissions of any non party to this action and, as a result, this answering defendant hereby reserves the right to seek indemnity and/or contribution and/or allege and aver any cognizable counterclaim and/or third-party claim as may become apparent and necessary in the instant action.

8. Plaintiffs are unable to maintain and/or otherwise fail to raise a cognizable class action pursuant to Federal Civil Rule 23 or otherwise.

9. The description of potential and/or purported class members contained in plaintiffs' Complaint is legally insufficient and/or improper in order to maintain a cognizable class action pursuant to Federal Civil Rule 23 or otherwise.

10. The potential and/or purported class members, as described within plaintiffs' Complaint, lack standing to assert claims as set forth under plaintiffs' Complaint to the extent that such potential and/or purported class members have alleged no cognizable injury and/or damages.

11. Plaintiffs have failed to establish the necessary threshold requirements in accordance with Federal Civil Rule 23(a) to maintain and/or establish a cognizable class action.

12. Plaintiffs have failed to establish the necessary threshold requirements in accordance with Federal Civil Rule 23(b) to maintain and/or establish a cognizable class action.

13. Plaintiffs have failed to allege with sufficient particularity and/or present sufficient evidence to establish any pattern of behavior and/or improper conduct on the part of this answering defendant, so as to establish a cognizable class action under Federal Civil Rule 23, as alleged within plaintiffs' Complaint with Class Action Allegations herein.

14. Plaintiffs are not entitled to any award of punitive damages from this answering defendant pursuant to the facts alleged within plaintiffs' Complaint with Class Action Allegations herein.

15. Plaintiffs have failed to attach any contract between plaintiffs and this answering defendant that plaintiffs allege under paragraphs 48 through 60 of the Complaint with Class Action Allegations herein, was breached by this answering defendant.

16. This answering defendant denies that this action may be maintained as a class action on behalf of the purported class or otherwise.

17. This answering defendant denies that Revised Code §1345.01 et seq. is applicable in the instant action and the action of this answering defendant constituted any deceptive, unfair, and/or unconscionable activity thereunder.

18. This answering defendant denies that any fiduciary duty arose and/or was breached and/or was violated by this answering defendant in the instant action, as set forth under paragraph 65 of plaintiffs' Complaint with Class Action Allegations herein.

19. This answering defendant denies that plaintiffs or anyone else claimed to be a member of the potential and/or purported class action, as described within the Complaint with Class Action Allegations herein, are entitled to injunctive relief, damages (compensatory, punitive or otherwise), interest, attorneys' fees, costs, or expenses in any amount or to any other relief of any kind whatsoever.

20. This answering defendant expressly reserves the right to amend this Answer to include additional defenses should discovery and/or investigation reveal such further defenses in the instant action.

**WHEREFORE,** defendant Community Health Partners Regional Health System, by and through its counsel of record, respectfully request that plaintiffs' Complaint with Class Action Allegations be dismissed, that this Court determine and adjudge that the instant action cannot be maintained as a class action pursuant to Federal Civil Rule 23, and that this answering defendant

recover its costs and expenses expended herein, including reasonable attorneys' fees and any other expenses of this action, and such other and further relief as this Court deems proper and just.

        Respectfully submitted,

        ANSPACH MEEKS ELLENBERGER LLP

        By:  s\Garrick O. White
            Garrick O. White (0070102)
            E-Mail: gwhite@anspachlaw.com
            300 Madison Ave., Suite 1600
            Toledo, Ohio 43604-2633
            Phone: 419-246-5757
            Fax: 419-321-6979

        -and-

        MANNION & GRAY CO., L.P.A.
        Thomas P. Mannion
        E-Mail: tmannion@manniongray.com
        1300 E. 9th Street, Suite 1625
        Cleveland, Ohio 44114
        Phone: 216-344-9422
        Fax: 216-344-9421

        Attorneys for Defendant Community Health
        Partners Regional Health System

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **Answer on Behalf of Defendant Community Health Partners Regional Health System to Plaintiffs' Complaint with Class Action Allegations** was electronically filed with the Court on January 3rd, 2011. A copy of this **Answer** will be sent to all counsel of record and/or parties by operation of the Court's electronic case filing system. Parties may access this **Answer** through the Court's electronic case filing system.

                                                  ANSPACH MEEKS ELLENBERGER LLP


                                                  By:  s\Garrick O. White
                                                          Garrick O. White

                                                  Attorneys for Defendant Community Health
                                                  Partners Regional Health System