IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARTHA POLINSKY,** *et al.* | : | Case No.:  1:10-CV-02544 |
| Plaintiffs, | : | Judge Benita Y. Pearson |
| v. | : | |
| **COMMUNITY HEALTH PARTNERS** | : | |
| **REGIONAL HEALTH SYSTEMS,** *et al.* | : | |
| Defendants. | | |

---

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF
CASE MANAGEMENT CONFERENCE ORDER**

---

Now come Plaintiffs Robert and Martha Polinsky and respectfully move the Court to reconsider its factual finding that Plaintiffs' Counsel John T. Murray and Michael J. Stewart committed a "direct violation of its Order that lead counsel appear" at a Case Management Conference held on March 29, 2011. (ECF #54). Counsel for Plaintiffs respectfully submit that the failure of Attorneys Murray and Stewart to appear was the result of a miscommunication and not in anyway an act of disrespect for the Court or its orders and authorities. Counsel worked in good faith with the Court and other parties to make satisfactory arrangements to attend the Case Management Conference.  Counsel regret their confusion surrounding the requirement to attend the CMC, but did not knowingly violate a direct order of this Court, nor would they do so.

Prior to taking place on March 29, the initial CMC had been rescheduled twice (See Non-Document Order Dated February 8, 2011; ECF # 49).  Most recently, the CMC was rescheduled when the Court became concerned that the parties were not approaching the conference with sufficient seriousness because two parties had filed requests to attend CMC, then scheduled for

March 16, by telephone.  (ECF # 49).  Notably, Plaintiffs and their counsel were prepared to attend the CMC scheduled for March 16 in person.

In the same Order, the Court instructed Counsel to confer and agree regarding a date for a rescheduled CMC "no later than April 1."  (ECF # 49, **Exhibit 1**).  The Court further ordered that Attorney Eddy "shall contact the Court with mutually agreeable dates and times."  Counsel for Plaintiffs understood that the Court desired to communicate solely with Attorney Eddy regarding dates for the conference.  Shortly thereafter, all counsel received an email from Attorney Wineland indicating that the Court "expects the conference to occur in the last week of March, 2011," and requested the parties review their availability for March 28, 29, 30 and 31. (See **Exhibit 2**). Mr. Eddy and Mr. Wineland did not offer any dates the week of March 21, 2011.

Attorneys Murray and Stewart had previously arranged to take depositions in Cincinnati, Ohio on March 29, 30, 31.[1] Counsel represents that these depositions had been firmly scheduled on February 4 after lengthy communications between multiple attorneys and parties and further represents that scheduling the Cincinnati depositions took months of coordination.  Counsel believed that canceling these depositions would have likely resulted a substantial delay in progress of that case. As a result, Attorneys Murray and Stewart were only available to attend the CMC in this matter on Monday, March 28.  Counsel for Defendant Community Health Partners advised that he would not be available on March 28. (See **Exhibit 4**.) Thus the parties had reached an impasse as to finding a mutually agreeable date for all counsel and party representatives within the Court's timeframe.

---

[1] See attached Notice of Deposition, **Exhibit 3**. In the event, the depositions were completed by the end of the day on March 30.

With the understanding that the Court strongly desired to proceed with the CMC during the last week in March, Counsel indicated to the other parties that Attorneys Leslie Murray and Kevin Zeiher, who would have full authority to make any and all decisions required in management or resolution of the litigation, could attend the CMC on March 29.  Attorney Eddy indicated that he would, in his capacity as Court-designated point-person, communicate this proposal to the Court and confirm that the Court's expectations were met.  On the afternoon of March 17, Attorney Eddy sent an email to the Court describing this proposal.  Courtroom Deputy Lisa Saylers wrote back indicating the proposal was "[r]eceived."  (See **Exhibit 5**). Following the CMC on March 29, Mr. Eddy informed Murray & Murray that he had contacted a member of the Court's staff by telephone who approved the proposed appearances described in **Exhibit 5**.

In hindsight, Attorneys Murray and Stewart should have but did not seek a journal entry confirming permission for their absence. For that error, Attorneys Murray and Stewart apologize to the Court and affirm to the Court a similar error will not occur in the future. We ask for the Court's understanding that Attorneys Murray and Stewart's failure to appear was not the product of "disobedience" but of poor judgment and miscommunication.

Several factors contributed to Counsels' mistaken understanding: 1) the CMC was rescheduled in order to accommodate the other parties; 2) despite a good-faith effort, the parties were not able to identify a date agreeable to all; 3) the Court's order required that "Lead Counsel" be present, which counsel mistakenly interpreted to mean "at least one Lead Counsel"[2];

---

[2] Attorneys Leslie Murray and Kevin Zeiher are also designated as "Lead Counsel" for Plaintiffs. In fairness, this understanding appears to conform to the understanding of at least two other parties to this action. Attorney Thomas Mannion is designated as Lead Counsel for Defendant Community Health Partners on the Court's docket. Although Third-Party Defendant AllianceOne has not officially designated a Lead Counsel, Plaintiffs understand that as a practical matter, Steven Janick is the most senior attorney from Janick, L.L.P. assigned to the case. Neither Mr. Mannion nor Mr. Janick appeared at the March 29 CMC.

4) Counsel believed that they were prohibited from contacting the Court's staff because that responsibility was specifically delegated to Attorney Eddy; and 5) Counsel received no communication indicating that the Court found their proposed solution unacceptable, only that the proposal was received.

Plaintiffs respectfully request that the Court reconsider the finding that Attorneys Murray and Stewart committed a "direct violation of its Order that lead counsel appear."  For the reasons set forth above, any such violation was premised on the reasonable, but mistaken, belief that the parties were complying with Court's expectations.  Plaintiffs further offer the absolute and unequivocal assurance that Attorneys Murray and Stewart regret their misunderstanding of the Court's direction and will conscientiously comply with all future orders.

Respectfully submitted,

*/s/ John T. Murray*
John T. Murray (0008793)
jotm@murrayandmurray.com
Direct Dial: (419) 624-3125
Leslie O. Murray (0081496)
Leslie@murrayandmurray.com
Direct Dial: (419) 624-3010
Michael J. Stewart (0082257)
Stewart@murrayandmurray.com
Direct Dial: (419) 626-7008
**MURRAY & MURRAY CO., L.P.A.**
111 East Shoreline Drive
Sandusky, Ohio  44870
Telephone:     (419) 624-3000
Facsimile:     (419) 624-0707

Kevin J. Zeiher
**DOLYK & ZEIHER**
165 East Water Street
Sandusky, Ohio 44870
Telephone:     (419) 625-0515
Facsimile:     (419) 625-0170
kjzeiher@dzlpa.com

4

*Attorneys for Plaintiffs*

## <u>CERTIFICATION</u>

I hereby certify that on April 6, 2011, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ John T. Murray*
John T. Murray (0008793)
Leslie O. Murray (0081496)
Michael J. Stewart (0082257)